UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GREGORY BLACKWELL,                                                                                       Plaintiff,

v.                                                                                   Civil Action No. 3:15-cv-376-DJH

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,                                                                                               Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This action arises under the Employee Retirement Income Security Act (ERISA). Plaintiff Gregory Blackwell claims that Defendant Liberty Life Assurance Company of Boston improperly denied him disability benefits. (Docket No. 1, PageID # 3) Liberty has moved for partial summary judgment on those claims asserted by Blackwell pursuant to 29 U.S.C. § 1132(a)(3). (D.N. 23) Liberty also objects to Magistrate Judge Dave Whalin's May 20, 2016 order addressing Blackwell's motion to compel discovery. (D.N. 27) The Court will address the motion to compel and the motion for partial summary judgment in turn. After careful consideration, the objections to Judge Whalin's discovery order will be overruled, but the motion for partial summary judgment will be granted.

**I. BACKGROUND**

Plaintiff Gregory Blackwell was insured under a long-term disability insurance policy that was underwritten, issued, and administered by Defendant Liberty Life Assurance Company of Boston. (D.N. 1, PageID # 2) In his complaint, Blackwell states that he ceased working in April 2014 because physical limitations prevented him from engaging in full-time, gainful employment. (*Id.*) He submitted a claim to Liberty for disability benefits, which Liberty initially approved. (*Id.*) Liberty paid benefits to Blackwell on a short-term disability plan and

then under the long-term disability policy until October 2014. (*Id.*) Blackwell alleges that Liberty denied any further benefits after October 2014. (*Id.*) He claims that this denial occurred despite his ongoing disability and without any evidence that his physical condition improved. (*Id.*) Blackwell unsuccessfully appealed to Liberty's appeals unit. (*Id.*) Having exhausted his administrative remedies, he seeks relief from this Court. (*Id.*)

Soon after filing this action, Blackwell served Liberty with a set of interrogatories and requests to produce documents, as well as requests to take depositions. (*Id.*, PageID # 276) However, the parties disagree over the permissible scope of discovery in ERISA cases, thereby putting the adequacy of Liberty's discovery responses in issue. (*Id.*, PageID # 277) Blackwell filed a motion to compel discovery and challenges Liberty's responses to certain interrogatories and requests for production, as well as its refusal to schedule the requested depositions. (D.N. 16) In response to the motion to compel, Liberty maintains that discovery should not be permitted here based upon the mere allegation of a conflict of interest. (D.N. 21, PageID # 162)

This type of discovery dispute is nearly identical to others that have come before courts in the Western District of Kentucky. *See, e.g.*, *Scott-Warren v. Liberty Life Assurance Co. of Bos.*, No. 3:14-cv-738-CRS, 2016 WL 5661774 (W.D. Ky. Sept. 29, 2016) (*Scott-Warren I*); *Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186 (W.D. Ky. 2016) (*Myers I*); *Owens v. Liberty Life Assurance Co. of Bos.*, No. 4:15-cv-71-JHM, 2016 U.S. Dist. LEXIS 51350 (W.D. Ky. Jan. 15, 2016) (*Owens I*); *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-cv-507-TBR, 2015 WL 7571905 (W.D. Ky. Nov. 11, 2015); *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406 (W.D. Ky. 2015); *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504 (W.D. Ky. 2010). Consistent with these cases, Judge Whalin's May 20, 2016 order granted Blackwell's motion to

compel on nearly all items, except for where Blackwell's desired scope of discovery exceeded the limits permitted by prior decisions.

Liberty timely objected to Judge Whalin's order, arguing that "Judge Whalin departed from Sixth Circuit guidance." (D.N. 27, PageID # 308) Liberty argues that *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 456 (6th Cir. 2009) is controlling here. Citing *Johnson*, Liberty maintains that review of a decision denying ERISA benefits is limited to the administrative record. (D.N. 27, PageID # 307) However, Liberty concedes that discovery may be permitted "in furtherance of a colorable procedural challenge." (D.N. 27, PageID # 308 (quoting *Johnson*, 324 F. App'x at 467))

## II. DEFENDANT'S OBJECTIONS TO JUDGE WHALIN'S DISCOVERY ORDER

### A.

Pursuant to Fed. R. Civ. P. 72(a), Liberty objects to Judge Whalin's May 20, 2016 order granting in part Blackwell's motion to compel. (D.N. 27, PageID # 307) Rule 72(a) provides that the Court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." "The magistrate judge's factual findings are reviewed under the clearly erroneous standard." *Scott-Warren I*, 2016 WL 5661774, at *3. Clear error exists "when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 810 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). On the other hand, the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Scott-Warren*, 2016 WL 5661775, at *3. "A legal conclusion is contrary to law when it contradicts or ignores applicable legal principles found in the Constitution, statutes, and case precedent." *Id.* (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

The Court finds that Judge Whalin's order is not clearly erroneous. The Court also finds that the order is not contrary to law, given that the weight of authority supports his conclusion. Therefore, Liberty's objections will be overruled.

**B.**

The scope of discovery in ERISA actions is substantially limited. *Davis*, 2015 WL 7571905, at *1. However, courts permit the plaintiff to conduct some discovery beyond the administrative record when a conflict of interest exists. *See McQueen v. Life Ins. Co. of N. Am.*, 595 F. Supp. 2d 752, 755 (E.D. Ky. 2009). The U.S. Supreme Court has held that a conflict of interest exists when "a plan administrator both evaluates claims for benefits and pays benefits claims." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008).

The Sixth Circuit has declined to create special evidentiary rules relating to such conflicts of interest. *See Johnson*, 324 F. App'x at 466. "This does not mean, however, that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Id.* at 467. Courts may permit discovery "when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). "District courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Johnson*, 324 F. App'x at 467.

Given the lack of precise standards in this area, district courts have come to different conclusions as to when discovery is permissible. *Davis*, 2015 WL 7571905, at *2. In addition to showing that a conflict of interest exists, some courts require that the plaintiff show sufficient

facts to support their claim.  *See, e.g.*, *Donovan v. Hartford Life & Accident Ins. Co.*, No. 1:10-2627-PAG, 2011 WL 1344252, at *2 (N.D. Ohio Apr. 8, 2011); *Greer v. Hartford Life & Accident Ins. Co.*, No. 08-12837-DAS, 2009 WL 1620402, at *5 (E.D. Mich. June 9, 2009). This is the approach Liberty urges the Court to follow.  (D.N. 27, PageID # 309)  However, in the Eastern and Western Districts of Kentucky, the mere existence of a conflict of interest has typically been a sufficient basis on which to allow limited discovery outside of the administrative record.  *Davis*, 2015 WL 7571905, at *3; *see also McQueen*, 595 F. Supp. 2d at 755; *Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JBC, 2009 WL 89696, at *1–*2 (E.D. Ky. Jan. 13, 2009).

Liberty cites a number of cases in which the Sixth Circuit upheld the district court's decision refusing to permit discovery.  (D.N. 27, PageID # 310)  Unlike the federal courts in Kentucky, those district courts concluded that a mere allegation of bias was insufficient to permit discovery; instead, a threshold evidentiary showing of bias is required.  (*Id.* (citing *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803 (6th Cir. 2004); *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493 (6th Cir. 2008); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006))  However, the cited cases were all decided by the Sixth Circuit prior to the court's 2009 decision in *Johnson*.

Further, Liberty misconstrues the meaning of *Johnson*.  Contrary to Liberty's assertions, *Johnson* does not hold that a mere allegation is insufficient to permit discovery.  Instead, *Johnson* acknowledged that it has permitted such decisions from district courts, but the Sixth Circuit pointedly refused to create a bright-line rule:

> We have noted in a few ERISA cases that discovery might have been appropriate under the circumstances. . . .  In other cases, we have affirmed the denial of discovery and explained that a "mere allegation of bias is not sufficient to permit discovery under *Wilkins'* exception."  *Putney v. Med. Mut. of Ohio,* 111 F. App'x

5

> 803, 807 (6th Cir. 2004); *see also Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.,* 271 F. App'x 493, 504 (6th Cir. 2008). *Although Connecticut General argues that these cases should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery under Wilkins, the Supreme Court's admonition in Glenn discouraging the creation of special procedural or evidentiary rules for evaluating administrator/payor conflicts of interest counsels against it.*

*Johnson*, 324 F. App'x at 466 (emphasis added); *see also Glenn*, 554 U.S. at 116–17.

Liberty cites to several other cases from district courts within the Sixth Circuit and other circuits who, since *Johnson*, have held that "something more" is required in addition to the mere allegation of bias in order for the court to permit discovery. (D.N. 27, PageID # 314–17) However, while persuasive, none of the cited cases are binding upon this Court.

Liberty also claims that Judge Simpson adopted the "something more" approach in *Knox v. Prudential Ins. Co. of Am.*, No. 3:13-cv-424-CRS, 2014 WL 7004067 (W.D. Ky. Dec. 9, 2014). (D.N. 27, PageID # 317) This interpretation of *Knox* is unpersuasive. Nowhere in *Knox* does Judge Simpson state that "something more" is required in addition to the mere allegation of a conflict of interest for the court to permit discovery. Further, in a later opinion, Judge Simpson recognizes and applies the practice in this district "that the existence of a conflict of interest is enough to permit discovery outside the administrative record." *Scott-Warren I*, 2016 WL 5661774, at *3.

Liberty has not convinced the Court to depart from the prevailing approach in this district. In his complaint, Blackwell alleges that there is "an inherent and structural conflict of interest because any disability benefits provided to Mr. Blackwell are paid from Liberty's assets." (D.N. 1, PageID # 3) Further, he makes a due process challenge, claiming that "Liberty failed to provide him with a full and fair review." (*Id.* at PageID # 2) These allegations are sufficient to permit discovery, and Liberty's objections are overruled with respect to this issue.

6

## C.

In the alternative, Liberty argues that even if a mere allegation of a conflict of interest is sufficient to warrant discovery, the discovery ordered by Judge Whalin exceeds the permissible scope of discovery in ERISA cases. (D.N. 27, PageID # 318) Having already determined that a mere allegation of a conflict of interest is sufficient, the Court will now examine the scope of discovery permitted by Judge Whalin's order.

When courts permit discovery in ERISA actions, it is generally limited to the conflict of interest and the procedural challenge made by the plaintiff. *See Wilkins*, 150 F.3d at 618; *Davis*, 2015 WL 7571905, at *3. "Therefore, appropriate areas of discovery include whether '(i) there is a history of biased claim denials; (ii) the employer has made measures to reduce bias and promote accuracy; and (iii) company policies reward or encourage denials.'" *Davis*, 2015 WL 7571905, at *3 (quoting *Kasko v. Aetna Life Ins. Co.*, 33 F. Supp. 3d 782, 788 (E.D. Ky. 2014)).

*Gluc v. Prudential* provides a list of other permitted areas of inquiry compiled from cases within the Sixth Circuit, including: (1) "incentive, bonus or reward programs or systems formal or informal for any employees involved in any meaningful way in reviewing disability claims;" (2) "contractual connections between [plan administrator/payor] . . . and the reviewers utilized in Plaintiff's claim . . . and financial payments paid annually to the reviewers from the [administrator/payor];" (3) "statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted;" (4) "number of times the reviewers found claimants able to work in at least a sedentary occupation or found that claimants were not disabled;" and (5) "documentation of administrative processes designed only to check the accuracy of grants claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claims)." *Davis*, 2015 WL 7571905, at *3 (quoting *Gluc*, 309 F.R.D. at 413–14).

First, Liberty challenges Blackwell's request to take the depositions of Todd Youngblood and Lindsay Mack, as well as the corporate deposition of Liberty pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (D.N. 26, PageID # 304–05) Liberty cites to nonbinding case law and argues that "allowing Plaintiff to take three discovery depositions is a drastic and unnecessary first step in the discovery process." (D.N. 27, PageID # 319) However, "the majority of courts to address this issue have denied the efforts of defendant insurers to prohibit depositions in ERISA actions involving plaintiffs who allege that they were wrongfully denied disability benefits due to an inherent conflict of interest." *Gluc*, 309 F.R.D. at 419. Liberty has not convinced the Court that Judge Whalin's order is clearly erroneous or contrary to law.

Next, Liberty argues that Blackwell seeks statistical data regarding third-party medical reviewers that is beyond the permissible scope of discovery. (D.N. 27, PageID # 320) This statistical data includes "the number of medical opinions that supported Defendant's decision to deny a claim" and "the number of medical opinions that did not support Defendant's decision to deny a claim." (D.N. 16, PageID # 80–81) Judge Whalin granted portions of Blackwell's motion, finding that the requested discovery that was consistent with *Owens I* and *Myers I*. (D.N. 26, PageID # 299) Liberty argues that "Judge Whalin's order is contrary to the law and/or clearly erroneous because the statistical information sought by Plaintiff is of very limited, if any, relevance and certainly not warranted in light of the time consuming and costly review of its files that Liberty Life would have to undertake." (D.N. 27, PageID # 320)

"ERISA claimants may seek discovery related to 'third-party vendors whose opinions or reports may have been unduly influenced by financial incentives.'" *Davis*, 2015 WL 7571905, at *7 (quoting *Gluc*, 309 F.R.D. at 413).

> This information includes contractual connections with the provider and financial compensation paid to the reviewing entity. . . . It also includes statistical

8

> information about numbers of files sent to reviewers and the number of denials which result. . . . Discovery in this area, however is limited to those reviewers who actually participated in the determination of [the plaintiff's] claim.

*Owens I*, 2016 U.S. Dist. LEXIS 51350, at *25 (citing *Davis*, 2015 WL 7571905, at *8–*9). Such discovery is limited to the last ten years. *Davis*, 2015 WL 7571905, at *9. Additionally, courts in this district have made clear that any type of information regarding "reviewer credibility" is not discoverable. *Owens I*, 2016 U.S. Dist. LEXIS 51350, at *25.

In support of its argument, Liberty cites *Knox*, in which the court stated that "[s]tatistical data, amassed from the results of many unrelated benefit claims, would not account for the individualized circumstances leading to the decision in each case." *Knox*, 2014 WL 7004067, at *4. The data at issue in *Knox* was described broadly by the court as "statistical data showing the number of claim files sent to reviewers and the number of resulting denials." *Id.* However, as discussed above, more recent cases from this district impose reasonable limitations on discovery of statistical data that were not discussed in the *Knox* decision. These courts determined that such statistical information may be useful to establish a history of biased claims administration. *Davis*, 2015 WL 7571905, at *8. This Court agrees and finds that the limitations in Judge Whalin's order are consistent with *Davis*.

Liberty also argues that Blackwell is not entitled to discovery regarding its affirmative defenses because it pertains to the merits of Blackwell's claims and not the procedural challenge Blackwell makes. (D.N. 27, PageID # 323) But again, discovery regarding this type of information has been permitted in ERISA cases by courts in this district. *See Davis*, 2015 WL 7571905, at *5; *Scott-Warren I*, 2016 WL 5661774, at *4. *Davis* notes that such discovery is commonly accepted, even in ERISA cases. *Davis*, 2015 WL 7571905, at *5. Liberty has not persuaded the Court to conclude otherwise.

9

Finally, Liberty argues that Blackwell is not entitled to the organizational structure of the entire claims and appeals units because they are unnecessary and irrelevant to the conflict of interest and bias inquiry. (D.N. 27, PageID # 325) Plaintiffs in ERISA cases such as this are entitled to a basic understanding of the organizational structure of both the claims and appeals units of the insurer. *Davis*, 2015 WL 7571905, at *12. This type of information will be helpful in determining whether or not the insurer's decision-makers are in fact separate and distinct. *Id.* The insurer "need only provide [the plaintiff] with documents that identify the individuals along with their job titles in both the claims unit and the appeals unit at the time [the insurer] denied [the plaintiff's] claim for benefits and his appeal of the adverse benefits decision. *Id.* Judge Whalin determined that Liberty's responses were inadequate, as they failed to provide the information to which Blackwell is entitled.

The Court concludes that Judge Whalin's May 20, 2016 order is neither clearly erroneous nor contrary to law. Liberty's objections are overruled. The Court will now address Liberty's motion for partial summary judgment.

### III. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

#### A.

In order to grant a motion for summary judgment, the court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies this burden, the non-moving party must point to specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

While the Court must review the evidence in a light most favorable to the non-moving party, the non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must present specific facts demonstrating that a genuine issue of fact exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1); *Owens v. Liberty Life Assurance Co. of Bos.*, No. 4:15-cv-71-JHM, 2016 WL 4746212, at *3 (W.D. Ky. Sept. 12, 2016) (*Owens II*) (applying the summary judgment standard to the plaintiff's ERISA case). The non-moving party must establish a genuine issue of material fact with respect to each element of each of his claims. *Celotex*, 477 U.S. at 322–23. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient. Instead, there must be evidence upon which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 252.

**B.**

Liberty argues that it is entitled to partial summary judgment with respect to the equitable claims Blackwell has asserted pursuant to 29 U.S.C. § 1132(a)(3), which enables a plaintiff to seek equitable relief for ERISA violations. (D.N. 23-1, PageID # 232) Other recent cases in this district have addressed similar arguments. *See e.g.*, *Milby v. Liberty Life Assurance Co. of Bos.*, No. 3;13-cv-487-CRS, 2016 WL 6699281, at *1 (W.D. Ky. Nov. 13, 2016); *Owens II*, 2016 WL 4746212, at *1; *Scott-Warren v. Liberty Life Assurance Co. of Bos.*, No. 3:14-cv-738-CRS, 2016 U.S. Dist. LEXIS 20792, at *1 (W.D. Ky. Feb. 22, 2016) (*Scott-Warren II*); *see also Quarles v. Hartford Life & Accident Ins. Co.*, No. 3:15-cv-372-DJH, 2016 WL 2903284, at *1 (W.D. Ky. May 17, 2016) (addressing the same issues at the motion to dismiss stage); *Myers v. Anthem Life*

11

*Ins. Co.*, No. 3:14-cv-948-JHM, 2015 WL 6394524, at *1 (W.D. Ky. Oct. 22, 2015) (*Myers II*) (same). Because the Court concludes that Blackwell fails to allege a separate and distinct injury to support his § 1132(a)(3) claims, the Court will grant Liberty's motion for partial summary judgment.

Blackwell's complaint asserts a claim for benefits under a long-term disability insurance policy. (D.N. 1, PageID # 2) He claims Liberty improperly denied his claims. (*Id.*) Such claims are made pursuant to 29 U.S.C. § 1132(a)(1)(B), which enables a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). However, Blackwell also cites 29 U.S.C. § 1132(a)(3) as an "enforcement mechanism permitting [him] to enforce the contractual terms of the insurance policies . . . and to obtain other appropriate equitable relief including, but not limited to, surcharge." (D.N. 1, PageID # 3) Seeking an equitable remedy under § 1132(a)(3), as Blackwell does, constitutes a separate claim under § 1132(a)(3). *See Quarles*, 2016 WL 2903284, at *2.

29 U.S.C. § 1132(a)(3) enables "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Such equitable relief is appropriate under ERISA, but is generally sought to redress breaches of fiduciary duties by plan administrators. *See CIGNA Corp. v. Amara*, 536 U.S. 421, 442 (2011); *Owens II*, 2016 WL 4746212, at *2 (citing *Rainey v. Sun Life Assurance Co. of Can.*, No. 3-13-612, 2014 WL 7156517, at *1 (M.D. Tenn. Dec. 15, 2014)). A plaintiff can assert both a claim for denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and a claim for breach of fiduciary duty pursuant to 29 U.S.C. §

1132(a)(3), but may do so "only where the breach of fiduciary duty claim is based on an *injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015). "Impermissible repackaging is implicated whenever, in addition to the particular adequate remedy provided by Congress, a duplicative or redundant remedy is pursued to redress the same injury." *Rochow*, 780 F.3d at 373. Thus, the claim "for equitable relief must be 'more than a repackaged denial of benefits claim' under § 1132(a)(1)(B), and must allege some separate or additional basis for relief needed to make the plaintiff whole." *Owens II*, 2016 WL 4746212, at *2 (quoting *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 838 (6th Cir. 2007)).

In addition to providing relief for injuries separate from the denial of benefits, the U.S. Supreme Court has held that § 1132(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). However, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* at 515.

Liberty argues that partial summary judgment in its favor is appropriate on two grounds. First, Liberty argues that Blackwell has not asserted a breach of fiduciary duty claim that would entitle him to equitable relief under § 1132(a)(3). (D.N. 23-1, PageID # 233) Second, Liberty argues that even if Blackwell asserted a viable claim for breach of fiduciary duty under § 1132(a)(3), it fails as a matter of law. (*Id.*, PageID # 234)

In his response, Blackwell argues that Liberty's breach of the insurance contract constitutes a breach of fiduciary duty. (D.N. 24, PageID # 256) However, in so arguing,

13

Blackwell is essentially repackaging his denial of benefits claim as a breach of fiduciary duty claim because his complaint does not assert a breach-of-fiduciary-duty claim that would entitle him to relief under § 1132(a)(3). The Sixth Circuit has refused to allow such repackaged claims. *See Rochow*, 780 F.3d at 373. Blackwell must assert a separate injury in order to seek relief under § 1132(a)(3). *Id.* at 372. The complaint alleges no additional facts that constitute a separate injury entitling Blackwell to relief under § 1132(a)(3), nor does his response to Liberty's motion raise any such facts. Blackwell alleges only one injury—the denial of benefits.

Blackwell also argues that Liberty has failed to prove that § 1132(a)(1)(B) is adequate to make Blackwell whole. (D.N. 24, PageID # 257) Blackwell urges the Court to deny or defer ruling on Liberty's motion pursuant to Fed. R. Civ. P. 56(d), stating that not enough discovery has been completed to even determine whether § 1132(a)(1)(B) provides an adequate remedy. (*Id.*, PageID # 256) This argument intends to invoke the "safety net" function of § 1132(a)(3) described in *Varity*. *See* 516 U.S. at 513. However, this argument is unavailing because Congress has provided adequate relief for Blackwell's alleged injury pursuant to § 1132(a)(1)(B). The injury alleged in Blackwell's complaint is the denial of benefits under the insurance policy. Such an injury is adequately remedied by § 1132(a)(1)(B), which provides a cause of action to recover benefits. *See Owens II*, 2016 WL 4746212, at *3. "No discovery is necessary to make this determination." *Quarles*, 2016 WL 2903284, at *2; *see also Scott-Warren II*, 2016 U.S. Dist. LEXIS 20792, at *2.

## IV. CONCLUSION

Liberty has failed show that Judge Whalin's May 20, 2016 order was clearly erroneous or contrary to law. The weight of authority supports his decision to grant in part Blackwell's motion to compel. However, Liberty has shown it is entitled to partial summary judgment on all

claims asserted by Blackwell pursuant to 29 U.S.C. § 1132(a)(3). Blackwell failed to offer any evidence showing an injury separate and distinct from the denial of benefits. Nor has he shown that § 1132(a)(1)(B) is an inadequate remedy. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant Liberty Life Assurance Company of Boston's objections to Magistrate Judge Dave Whalin's discovery order (D.N. 27) are **OVERRULED**.

(2) Defendant Liberty Life Assurance Company of Boston's motion for partial summary judgment on all claims asserted by Plaintiff pursuant to 29 U.S.C. § 1132(a)(3) is **GRANTED**.

(3) Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Court's prior order (D.N. 4), this matter is **REFERRED** to Magistrate Judge Dave Whalin for a scheduling conference.

March 7, 2017

**David J. Hale, Judge**
**United States District Court**